UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,

    Debtor.
_____/

Case No. 8:24-bk-00676-RCT

Chapter 11

MEDMARC CASUALTY INSURANCE COMPANY,

    Plaintiff,

v.

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC., *et al.*

    Defendants.
_____/

Adv. Pro No. 8:25-ap-00123-RCT

### ANSWER TO ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT

Michael Goldberg, as Chapter 11 Trustee (the "**Trustee**") of the estate of the Debtor The Center for Special Needs Trust Administration, Inc. (the "**Center**"), through undersigned special counsel and pursuant to 28 U.S.C. § 2201 and Rule 7001 of the Federal Rules of Bankruptcy Procedure, hereby responds to Plaintiff's Adversary Complaint for Declaratory Judgment (Doc. No. 1) (the "**Adversary Complaint**"), as follows:

### NATURE OF THE CASE[1]

---

[1] Except where otherwise expressly set forth herein, the Trustee shall utilize the same definitions and headings as set forth in the Adversary Complaint. This is for continuity purposes only and subject to the Trustee expressly reserving all arguments and objections to the same.

1. Trustee admits this purports to be a case seeking a declaratory action related to coverage with respect to certain liability claims made against the "Named Insured," defendant Staunton & Faglie, PL ("**SF**"), and against defendants, John W. Staunton ("**Staunton**") and Floyd Faglie ("**Faglie**") for jurisdictional purposes only. Trustee denies the remainder of the paragraph as it calls for legal conclusions.

2. Trustee admits the Center was founded by Govoni with the assistance of Staunton. Trustee denies the remainder of the paragraph as calling for legal conclusions.

3. Trustee admits that Plaintiff incorporated as so-called "**Nominal Defendants**" in this complaint that includes the Center, CLARK CHAMBERLIN, by and through his parents and co-guardians TODD AND KELLI CHAMBERLIN, on behalf of themselves and all others similarly situated; SHAWNTA ORRIS, as Guardian Ad Litem on behalf of T.L., a Disabled Adult, and on behalf of all others similarly situated; and CAROL MULHOLLAND, as Guardian Advocate of the Person and Property of JF, a vulnerable and disabled adult. The Nominal Defendants' separately filed suits speak for themselves.

## JURISDICTION AND VENUE

4. Denied.

5. Trustee admits he, on behalf of the Center, has asserted a demand on the Policy, otherwise denied.

6. Denied.

## THE PARTIES

7. Without knowledge, and therefore denied.

8. Without knowledge, and therefore denied.

9. Without knowledge, and therefore denied.

10. Without knowledge, and therefore denied.

11. See below:

   a) Trustee admits the Center is a Florida not-for-profit with its principal place of business in Pinellas County, Florida. Trustee admits that he, as Trustee of the Center, contends that SF, Staunton, and/or Faglie are liable for damages resulting from certain acts committed during the course of their work for the Center.

   b) Without knowledge as to the Chamberlin's residence, therefore denied. The allegations in the Chamberlin Class Action speak for itself.

   c) Without knowledge as to the Orris' residence, therefore denied. The allegations in the Orris Class Action speak for itself.

   d) Admit that Mulholland appears to be the plaintiff in the Mulholland Lawsuit, which speaks for itself.

12. Admit the parties identified in paragraph 11(a)-(d) appear to have asserted liability claims against SF, Staunton and/or Faglie. Without knowledge as to the remainder of the paragraph, and therefore denied.

## FACTUAL ALLEGATIONS

13. Denied that the purported loans were made from the SNTs, but rather the loans were made directly by the Center. Admit the claims and lawsuits filed speak for themselves.

14. Admit.

15. Upon information and belief, admitted.

16. Admit.

17. The Nominal Defendants' contentions speak for themselves.

18. Admit.

19. The Nominal Defendants' contentions speak for themselves.

20. Denied as pled.

21. Admit.

22. Denied as pled.

23. The Nominal Defendants' contentions speak for themselves.

24. Admit.

25. Denied as pled.

26. Admit the Center filed for bankruptcy on February 9, 2024 and those bankruptcy documents speak for themselves. Admit the Trustee has commenced legal action against BFG and Govoni and has obtained a judgment. See 8:24-ap-139-RTC. Without knowledge as to the remainder of the paragraph, and therefore denied.

27. Admit Exhibit B speaks for itself.

28. Admit the Chamberlin's contentions speak for themselves..

29. Admit the Chamberlin's contentions speak for themselves.

30. Admit the Chamberlin's contentions speak for themselves.

31. Admit Exhibit C speaks for itself.

32. Admit the Orris' contentions speak for themselves.

33. Admit the Orris' contentions speak for themselves.

34. Admit Exhibit D speaks for itself.

35. Admit Mulholland's contentions speak for themselves.

36. Admit Mulholland's contentions speak for themselves.

37. Without knowledge, and therefore denied..

38. Without knowledge, and therefore denied.

## THE MEDMARC POLICY

39. Admit the Policy at Exhibit A speaks for itself.

40. Admit the Policy at Exhibit A speaks for itself.

41. Admit the Policy at Exhibit A speaks for itself.

42. Admit the Policy at Exhibit A speaks for itself.

43. Admit the Policy at Exhibit A speaks for itself.

## COUNT I – DECLARATION REGARDING DAMAGES AND EXCLUSION 4.1.t

44. The Trustee re-alleges and re-avers his answers and/or denials to Paragraphs 1 through 43 above, as if fully set forth herein.

45. Admit the Policy at Exhibit A speaks for itself.

46. Admit the Policy at Exhibit A speaks for itself.

47. Admit the Policy at Exhibit A speaks for itself.

48. Without knowledge as pled, therefore denied.

49. Denied as pled.

50. Admit the Chamberlin Amended Complaint speaks for itself.

51. Admit the Orris Amended Complaint speaks for itself.

52. Admit the Mullholand Amended Complaint speaks for itself.

53. The allegations asserted by the Nominal Defendants' complaints speak for themselves. The remaining allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, denied

54. The claims asserted speak for themselves. The remaining allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, denied.

55. The claims asserted speak for themselves. The remaining allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, denied.

### COUNT II – DECLARATION REGARDING PRIOR KNOWLEDGE AND EXCLUSION  4.1.s

56. The Trustee re-alleges and re-avers his answers and/or denials to Paragraphs 1 through 43 above, as if fully set forth herein.

57. Admit the Policy at Exhibit A speaks for itself.

58. Admit the Policy at Exhibit A speaks for itself.

59. Admit the Policy at Exhibit A speaks for itself.  Without knowledge regarding how many policies were issued to SF, therefore otherwise denied.

60. Without knowledge as pled, and therefore denied.

61. The documents and Nominal Defendants' contentions and allegations speak for themselves.

62. Denied.

63. Denied.

### COUNT III – DECLARATION REGARDING EXCLUSION  4.1.a

64. The Trustee re-alleges and re-avers his answers and/or denials to Paragraphs 1 through 43 above, as if fully set forth herein.

65. Admit the Policy at Exhibit A speaks for itself.

66. The contentions and allegations of the Nominal Defendants speak for themselves.

**67.** Denied.

### COUNT IV – DECLARATION REGARDING EXCLUSION 4.1.c

**68.** The Trustee re-alleges and re-avers his answers and/or denials to Paragraphs 1 through 43 above, as if fully set forth herein.

**69.** Admit the Policy at Exhibit A speaks for itself.

**70.** The allegations of the Nominal Defendants speak for themselves. The remaining allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, denied.

### COUNT V – DECLARATION REGARDING EXCLUSION 4.1.i

**71.** The Trustee re-alleges and re-avers his answers and/or denials to Paragraphs 1 through 43 above, as if fully set forth herein.

**72.** Admit the Policy at Exhibit A speaks for itself.

**73.** Admit the Policy at Exhibit A speaks for itself.

**74.** The Nominal Defendants' contentions speak for themselves.

**75.** Admit the Chamberlin Amended Complaint speaks for itself.

**76.** Admit the Orris Complaint speaks for itself.

**77.** Allegations of this paragraph constitute a legal conclusion to which no response is required. To the extent that a response is required, denied.

### COUNT VI – DECLARATION REGARDING EXCLUSION 4.1.u

**78.** The Trustee re-alleges and re-avers his answers and/or denials to Paragraphs 1 through 43 above, as if fully set forth herein.

**79.** Admit the Policy at Exhibit A speaks for itself.

**80.** The allegations of the Nominal Defendants speak for themselves. Otherwise, without knowledge as pled, and therefore denied.

**81.** Denied.

**WHEREFORE,** the Trustee denies that Medmarc Casualty Insurance Company is entitled to any of the relief sought in the WHEREFORE clause following Paragraph 81.

Dated: May 7th, 2025.

        s/ Megan W. Murray
        Megan W. Murray
        Florida Bar Number 0093922
        Daniel E. Etlinger
        Florida Bar Number 0077420
        UNDERWOOD MURRAY, P.A.
        100 N Tampa Street, Suite 2325
        Tampa, Florida 33602
        Tel: (813) 540-8401
        Email: mmurray@underwoodmurray.com
        *Special Counsel to the Trustee*

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and accurate copy of the foregoing, which was filed with the Clerk of Court, has been furnished electronically to those parties registered to receive service via CM/ECF, on May 7th, 2025.

        /s/ Megan W. Murray
        Megan W. Murray