UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re: | Case No.: 8:24-bk-00676-RCT |
| THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., | Chapter 11 |
| Debtor. _____/ | |
| MEDMARC CASUALTY INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 8:25-ap-00123-RCT |
| STAUNTON & FAGLIE, PL; JOHN W. STAUNTON; FLOYD FAGLIE, *et. al.* | |
| Defendants. _____/ | |

**DEFENDANTS, JOHN W. STAUNTON AND STAUNTON & FAGLIE, PL'S
MOTION TO DISMISS**

NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

If you object to the relief requested in this paper you must file a response with the Clerk of Court at **801 N. Florida Avenue, Suite 555, Tampa, Florida 33602** within **fourteen (14) days** from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail. If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing. You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

1

Defendants, Staunton & Faglie, PL and John W. Staunton (collectively, "Staunton Defendants"), pursuant to Fed. R. Bank. P. 7008, 7010 & 7012 and Fed. R. Civ. P. 8, 10, & 12(b)(1), hereby moves to dismiss Plaintiff, Medmarc Casualty Insurance Company's ("Medmarc") Adversary Complaint for Declaratory Judgment (Doc. 1) ("Adversary Complaint"), and state as follows in support:

1. In the Adversary Complaint, Medmarc seeks a declaration that there is no coverage under its Lawyers Professional Liability Insurance Policy for some or all of the claims asserted against the Staunton Defendants in three (3) separate underlying actions.

2. Defendant, STAUNTON & FAGLIE, PL, is the Named Insured under the Medmarc Policy. Defendant, JOHN W. STAUNTON, is also an Insured.

3. The Adversary Complaint asserts a total of six (6) counts, each of which is seeking a declaration that there is no coverage for "the $100 million transferred form the Center's trust accounts as part of the BFG loan," based on a separate policy provision or exclusion.

4. There is a single WHEREFORE clause at the end of the Adversary Complaint, wherein Medmarc requests, among other things, that the Court declare that "no coverage exists, or in the alternative, coverage is limited" and/or that "Medmarc has no duty to defend or indemnify" with respect to the three (3) underlying actions.

5. The Staunton Defendants respectfully submit that the Adversary Complaint is due to be dismissed.

6. First and foremost, to the extent that Medmarc seeks a declaration regarding its duty to indemnify the Staunton Defendants in the underlying actions, this issue is not ripe for adjudication because the underlying actions are ongoing and liability has not yet been established.

Thus, this Court lacks subject matter jurisdiction, at least with regard to the duty to indemnify, and dismissal is appropriate. *See* Fed. R. Civ. P. 12(b)(1).

7. Alternatively, the Adversary Complaint is subject to dismissal to the extent it constitutes an impermissible "shotgun pleading," as each of the six (6) counts pled by Medmarc improperly commingle requests for relief regarding its separate and distinct duties to defend and to indemnify, involving multiple insured-defendants and multiple underlying complaints. *See* Fed. R. Civ. P. 8, 10.

## MEMORANDUM OF LAW

### I.   Lack of Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may contest subject matter jurisdiction on facial or factual grounds. *Principal Life Ins. Co. v. Alvarez*, No. 11-21956-CIV, 2011 WL 4102327, at *2 (S.D. Fla. Sept. 14, 2011) (Altonaga, J.). "A facial attack asserts that a plaintiff has failed to allege a basis for subject matter jurisdiction in the complaint," and "the plaintiff's allegations are taken as true for the purposes of the motion[.]" *Reesey v. Fed. Emergency Mgmt. Agency*, No. 13-60488-CIV, 2013 WL 12086662 (S.D. Fla. July 9, 2013) (quoting *Alvarez*, 2011 WL 4102327, at *2), *judgment entered*, No. 13-60488-CIV, 2013 WL 12086663 (S.D. Fla. Aug. 29, 2013).

A motion to dismiss for lack of ripeness constitutes a motion to dismiss for lack of subject matter jurisdiction under the Federal Rules of Civil Procedure because lack of ripeness constitutes a defect in subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); *Club Madonna, Inc. v. City of Miami Beach*, 924 F.3d 1370, 1378 (11th Cir. 2019). A claim that is not ripe fails to present a "case or controversy" within the meaning of Article III, and the "ripeness doctrine protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract

disputes." *Sullivan v. Everett Cash Mut. Ins. Co.*, No. 19-11943, 2023 WL 1521579, at *4 (11th Cir. Feb. 3, 2023) (quoting *Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997)). Subject matter jurisdictional disputes in federal court that concern a justiciable "case or controversy" are to be resolved under federal law, not state law. *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. F. Vicino Drywall II, Inc.*, No. 10-CV-60273, 2010 WL 11552848, at *2 (S.D. Fla. Oct. 24, 2010).

With respect to the Declaratory Judgment Act, the Supreme Court has found that a proper controversy under the statute must be definite, concrete, real, substantial, and not hypothetical. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937); 28 U.S.C. § 2201. In the context of an insurance dispute, the difference between an abstract question and a justiciable controversy basically turns on whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *See Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). The Supreme Court has further noted that the Declaratory Judgment Act provides district courts with discretion over whether to exercise jurisdiction in any particular case. *Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2010 WL 11552848 at *3; *see also Public Affairs Assoc., Inc. v. Rickover*, 369 U.S. 111, 112 (1962) ("The Declaratory Judgment Act was an authorization, not a command. It gave federal courts competence to make a declaration of rights; it did not impose a duty to do so.").

To the extent that Medmarc seeks a declaration relating to its duty to indemnify, it is well established that this issue is not ripe for adjudication until the underlying actions are resolved. *Am. Fid. & Cas. Co. v. Penn. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960) (holding that a declaratory judgment action concerning an apportionment issue between

insurers was not ripe until the insured's liability was established because the issue "might never arise"); *Allstate Ins. Co. v. Emp'rs Liab. Assur. Corp.*, 445 F.2d 1278, 1281 (5th Cir. 1971) (stating, in dicta, that "no action for declaratory relief will lie to establish an insurer's [priority] … until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize."); *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 Fed. Appx. 768 (11th Cir. 2019) (holding that issue of the insurer's duty to indemnify was not ripe for adjudication until the underlying lawsuit is resolved); *see Nationwide Ins. v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995) ("[T]he duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit.").

Significantly, an insurer's duty to defend is separate from and broader than the insurer's duty to indemnify. *Baron Oil Co. v. Nationwide Mut. Fire Ins. Co.*, 470 So.2d 810, 813-14 (Fla. 1st DCA 1985). The duty to defend is determined solely from the allegations in the complaint against the insured. *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1323 (11th Cir. 2014). The duty to defend is triggered when the relevant pleadings allege facts that fairly and potentially bring the suit within the policy's coverage. *Baron Oil*, 470 So.2d at 813-14. By contrast, the duty to indemnify is determined by the actual facts. *Pa. Lumbermens Mut. Ins. Co. v. Ind. Lumbermens Mut. Ins. Co.*, 43 So.3d 182, 188 (Fla. 4th DCA 2010) (providing that "the duty to indemnify is determined by the facts adduced at trial or during discovery."). Accordingly, the duty to indemnify can only be assessed upon the conclusion of the underlying lawsuit. *See e.g., Smithers Const. Inc. v. Bituminous Cas. Corp.*, 563 F. Supp. 2d 1345, 1348 (S.D. Fla. 2008) ("an insurer's duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit"); *IDC Constr., LLC v. Admiral Ins. Co.*, 339 F. Supp. 2d 1342, 1350 (S.D. Fla. 2004) ("an insured's duty to indemnify is dependent on the outcome of a case, therefore any declaration as to the duty

to indemnify is premature unless there has been a resolution of the underlying claim."); *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001) ("Because an insurer's duty to indemnify is dependent on the outcome of a case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying action."); *Union Fire Ins. Co. of Pittsburgh, PA v. Beta Constr. LLC*, 816 F. Supp.2d 1256, 1260-61 (M.D. Fla. 2011) ("the duty to indemnify cannot be resolved until the outcome of the case, whether by trial to ascertain all of the facts or by a settlement, which inherently considers all facts.").

Here, although the WHEREFORE clause generally requests a declaration that Medmarc has no duty to defend, none of the six counts in the Adversary Complaint specifically identifies any policy provision or exclusion that potentially eliminates Medmarc's separate and distinct duty to defend the Staunton Defendants in each of the three of the underlying actions. For example, in Count I, Medmarc points to a portion of the Policy's definition of "Damages," and an exclusion that, at least according to Medmarc, would bar coverage for the allegations of conversion in the underlying Chamberlin and Orris actions. (Doc 1 at 15-17) But even assuming that there's no coverage for any claims of conversion, this does not eliminate Medmarc's duty to defend to the extent there are also claims and allegations of negligence asserted in both actions. The same is also true for the coverage issue raised in Court III, which points to the exclusion for claims involving "willful wrongdoing or any dishonest, criminal, malicious, or fraudulent act, error or omission by an Insured." While this provision *may* apply to some of the theories of liability asserted in the underlying actions, it does not eliminate any potential for coverage as to all claims asserted against the Staunton Defendants.

Of course, where the complaint alleges facts showing two or more grounds for liability, one being within the insurance coverage and the other not, the insurer is obligated to defend the

entire suit. *Jones v. Florida Ins. Guar. Ass'n, Inc.*, 908 So.2d 435, 443 (Fla. 2005). If the allegations of the complaint leave any doubt as to the duty to defend, the question must be resolved in favor of the insured. *Id.*

Ultimately, to the extent that the Adversary Complaint (1) seeks a determination as to the duty to indemnify and (2) fails to explicitly identify any coverage issue that eliminates Medmarc's duty to defend, this Court lacks subject matter jurisdiction, and the Adversary Complaint should be dismissed without prejudice pending a final resolution in the underlying actions.

## II. <u>Impermissible Shotgun Pleading</u>

Additionally, Medmarc's Adversary Complaint should be dismissed as an impermissible "shotgun pleading" because each of the six counts commingle allegations related to multiple insured-defendants and three separate and distinct underlying lawsuits.

Rule 8(a)(2), Fed. R. Civ. P., requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) further provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1329 (11th Cir. 2015). The Eleventh Circuit has identified four categories of shotgun pleadings. *Id.* at 1321. The first category includes complaints "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last to be a combination of the entire complaint." *Id.* The second category involves complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any

particular cause of action." *Id.* at 1321-1322. The third category includes complaints that commit "the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322-1323. The fourth and final category involves "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323. The "unifying characteristic" is that shotgun pleadings "fail to one degree or another … to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

The Adversary Complaint is replete with conclusory and vague factual allegations and improperly commingles claims involving Medmarc's separate and distinct duties to defend and indemnify multiple insured-defendants in three separate underlying lawsuits. For example, although Counts I and V at least mention some of the specific allegations raised in the underlying actions, the remaining counts merely refer to unspecified allegations by "Certain Nominal Defendants." (Doc. 1 at 18-22) Moreover, rather than addressing the specific theories of liability asserted against each insured-defendant in the underlying actions, all six counts of the Adversary Complaint generally allege that "there is no coverage for the $100 million transferred form the Center's trust accounts as part of the BFG loan." (Doc. 1 at 18-22). Medmarc also fails to include sufficient allegations to address its separate and distinct duties to defend and indemnify with regard to multiple insured-defendants and multiple underlying actions. Instead, Medmarc merely included a general request in its prayer for relief asking the Court to find that it owes no duty to defend or indemnify the insureds "with respect to Nominal Defendants' claims and lawsuits." (Doc. 1 at 23)

Under the circumstances, Medmarc's Adversary Complaint should be dismissed with leave to file an amended complaint that appropriately addresses Medmarc's separate and distinct duties to defend and indemnify with regard to each of the multiple insured-defendants as well as each of the three separate underlying lawsuits.

## CONCLUSION

For the reasons stated above, the Staunton Defendants respectfully request an Order dismissing Medmarc's Adversary Complaint without prejudice to the extent it requests a declaration related to the duty to indemnify, or alternatively, dismissing Medmarc's Adversary Complaint with leave for Medmarc to replead its duty to defend and duty to indemnify claims separately as to each of the insured-defendants and each of the underlying actions, after which, the duty to indemnify claims should be stayed or abated pending resolution of the underlying actions.

The Staunton Defendants consent to the bankruptcy court entering final judgments and orders in this matter.

Respectfully submitted,

**VAKA LAW GROUP, P.L.**

 /s/ *Robert C. Hubbard*
**Robert C. Hubbard, Esquire**
Florida Bar No.: 98996
777 S. Harbour Island Blvd., Ste. 300
Tampa, Florida 33602
Tel: (813) 549-1799
Fax: (813) 549-1790
Email: rhubbard@vakalaw.com;
rtiernan@vakalaw.com

*Counsel for Defendants,*
*JOHN W. STAUNTON and STAUNTON &*
*FAGLIE, PL*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 13, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which electronically furnished a copy to all parties who receive CM/ECF notices from the Court, and a copy was mailed to:

Clark Chamberlin, By and Through His Parents and Co-Guardians,
Todd and Kelli Chamberlin, on Behalf of Themselves and All Others Similarly Situated
7234 Stella Lane
Lake Worth, Florida 33463

The Center for Special Needs Trust Administration Inc.,
Trustee of the J.F. Special Needs Trust
c/o Iurillo Law Group, P.A.
5628 Central Avenue
St. Petersburg, Florida 33707

Shawnta Orris, as Guardian Ad Litem on Behalf of T.L.
A Disabled Adult, and On Behalf of All Others Similarly Situated
7318 North 92nd Avenue
Omaha, Nebraska 68110

                                              */s/ Robert C. Hubbard*
                                              Robert C. Hubbard, Esq.