UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re:<br><br>THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC.,<br><br>　　　Debtor.<br>_____/<br><br>MEDMARC CASUALTY INSURANCE COMPANY,<br><br>　　　Plaintiff,<br><br>v.<br><br>STAUNTON & FAGLIE, PL; JOHN W. STAUNTON; FLOYD FAGLIE, *et. al.*<br><br>　　　Defendants.<br>_____/ | Case No.: 8:24-bk-00676-RCT<br><br>Chapter 11<br><br><br><br><br><br><br><br><br><br>Adv. Pro. No. 8:25-ap-00123-RCT |

**DEFENDANTS, JOHN W. STAUNTON AND STAUNTON & FAGLIE, PL'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, Staunton & Faglie, PL and John W. Staunton (collectively, "Staunton Defendants"), through undersigned counsel and pursuant to the Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure, hereby serves their Answer and Affirmative Defenses to Plaintiff's Adversary Complaint for Declaratory Judgment (Doc. 1) ("Adversary Complaint"), and state as follows in support:

**NATURE OF THE CASE**

1.　Admitted that Medmarc seeks a declaratory judgment regarding insurance coverage; otherwise, denied as phrased.

2.　Denied as phrased.

1

3. Admitted that Medmarc has named a number of Nominal Defendants; otherwise, denied as phrased.

## JURISDICTION AND VENUE

4. Denied.

5. Denied.

6. Denied.

## PARTIES

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted upon information and belief.

11. Admitted that Medmarc has named a number of Nominal Defendants; otherwise, denied as phrased.

12. Admitted that some of the parties in Paragraph 11 (a) – (d) have asserted or threatened to assert claims against Defendants; otherwise, denied as phrased.

## FACTUAL ALLEGATIONS

13. Admitted that claims and suits have been asserted against Staunton Defendants and that the allegations in the operative complaints speak for themselves; otherwise, denied as phrased.

14. Denied as phrased.

15. Denied as phrased.

16. Denied as phrased.

17. Denied as phrased.

18. Denied as phrased.

19. Denied as phrased.

20. Denied as phrased.

21. Denied as phrased.

22. Denied as phrased.

23. Denied as phrased.

24. Denied as phrased.

25. Denied as phrased.

26. Denied as phrased.

27. Admitted that the Chamberlins filed the Chamberlin Class Action and that the allegations in the Amended Complaint speak for themselves; otherwise, denied as phrased.

28. Admitted that the allegations in the Chamberlins' Amended Complaint speak for themselves; otherwise, denied as phrased.

29. Admitted that the allegations in the Chamberlins' Amended Complaint speak for themselves; otherwise, denied as phrased.

30. Admitted that the allegations in the Chamberlins' Amended Complaint speak for themselves; otherwise, denied as phrased.

31. Admitted that Orris filed the Orris Class Action and that the allegations in the operative Amended Complaint speak for themselves; otherwise, denied as phrased.

32. Admitted that the allegations in Orris' Amended Complaint speak for themselves; otherwise, denied as phrased.

33. Admitted that the allegations in Orris' Amended Complaint speak for themselves; otherwise, denied as phrased.

34. Admitted only that the Mulholland Lawsuit has been resolved; otherwise, denied.

35. Admitted only that the Mulholland Lawsuit has been resolved; otherwise, denied.

36. Admitted only that the Mulholland Lawsuit has been resolved; otherwise, denied.

37. Admitted that Staunton Defendants promptly tendered any and all claims to Medmarc; otherwise, denied as phrased.

38. Denied as phrased.

### THE MEDMARC POLICY

39. Admitted that the Medmarc Policy speaks for itself; otherwise, denied.

40. Admitted that the Medmarc Policy speaks for itself; otherwise, denied.

41. Admitted that the Medmarc Policy speaks for itself; otherwise, denied.

42. Admitted that the Medmarc Policy speaks for itself; otherwise, denied.

43. Admitted that the Medmarc Policy speaks for itself; otherwise, denied.

### COUNT I
### DECLARATION REGARDING "DAMAGES" AND EXCLUSION 4.1.t)

44. Staunton Defendants hereby incorporate by reference and reaffirm their responses to paragraphs 1 through 43 as if fully set forth herein.

45. Admitted that the Medmarc Policy speaks for itself; otherwise, denied.

46. Admitted that the Medmarc Policy speaks for itself; otherwise, denied.

47. Admitted that the Medmarc Policy speaks for itself; otherwise, denied.

48. Denied as phrased.

49. Denied as phrased.

50. Denied as phrased.

51. Denied as phrased.

52. Admitted only that the Mulholland Lawsuit has been resolved; otherwise, denied.

53. Denied.

54. Denied.

55. Denied.

## COUNT II
### DECLARATION REGARDING PRIOR KNOWLEDGE AND EXCLUSION 4.1.s)

56. Staunton Defendants hereby incorporate by reference and reaffirm their responses to paragraphs 1 through 43 as if fully set forth herein.

57. Admitted that the Medmarc Policy speaks for itself; otherwise, denied.

58. Admitted that the Medmarc Policy speaks for itself; otherwise, denied.

59. Admitted that the Medmarc Policy speaks for itself; otherwise, denied.

60. Denied as phrased.

61. Denied as phrased.

62. Denied.

63. Denied.

## COUNT III
### DECLARATION REGARDING EXCLUSION 4.1.a)

64. Staunton Defendants hereby incorporate by reference and reaffirm their responses to paragraphs 1 through 43 as if fully set forth herein.

65. Admitted that the Medmarc Policy speaks for itself; otherwise, denied.

66. Denied as phrased.

67. Denied.

## COUNT IV
### DECLARATION REGARDING EXCLUSION 4.1.c)

68. Staunton Defendants hereby incorporate by reference and reaffirm their responses to paragraphs 1 through 43 as if fully set forth herein.

69. Admitted that the Medmarc Policy speaks for itself; otherwise, denied.

70. Denied.

## COUNT V
## DECLARATION REGARDING EXCLUSION 4.1.i)

71. Staunton Defendants hereby incorporate by reference and reaffirm their responses to paragraphs 1 through 43 as if fully set forth herein.

72. Admitted that the Medmarc Policy speaks for itself; otherwise, denied.

73. Admitted that the Medmarc Policy speaks for itself; otherwise, denied.

74. Denied as phrased.

75. Denied as phrased.

76. Denied as phrased.

77. Denied.

## COUNT VI
## DECLARATION REGARDING EXCLUSION 4.1.u)

78. Staunton Defendants hereby incorporate by reference and reaffirm their responses to paragraphs 1 through 43 as if fully set forth herein.

79. Admitted that the Medmarc Policy speaks for itself; otherwise, denied.

80. Denied as phrased.

81. Denied.

## GENERAL DENIAL

Staunton Defendants deny each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that has not been expressly admitted in paragraphs 1 through 81 above. Staunton Defendants further deny any liability and denies that Plaintiff is entitled to any of the relief requested in the Complaint, including the relief requested in the WHEREFORE CLAUSE.

## AFFIRMATIVE DEFENSE

### FIRST AFFIRMATIVE DEFENSE
### (Lack Of Subject Matter Jurisdiction As To The Duty To Indemnify)

To the extent that Medmarc seeks a declaration relating to its duty to indemnify, this issue is not ripe for adjudication until the underlying actions are resolved. *See, e.g., Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 Fed. Appx. 768 (11th Cir. 2019) (holding that issue of the insurer's duty to indemnify was not ripe for adjudication until the underlying lawsuit is resolved). Consequently, the Court lacks subject matter jurisdiction to address the duty to indemnify. *See* Fed. R. Civ. P. 12(b)(1); *Club Madonna, Inc. v. City of Miami Beach*, 924 F.3d 1370, 1378 (11th Cir. 2019). A claim that is not ripe fails to present a "case or controversy" within the meaning of Article III, and the "ripeness doctrine protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes." *Sullivan v. Everett Cash Mut. Ins. Co.*, No. 19-11943, 2023 WL 1521579, at *4 (11th Cir. Feb. 3, 2023) (quoting *Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997)). Therefore, once the Court has resolved the issue of whether Medmarc owes a duty to defend with respect to each of the underlying actions, this action should be dismissed or stayed pending a final adjudication of that action.

### SECOND AFFIRMATIVE DEFENSE
### (Waiver/Estoppel)

With regard to the Mullholland Action, Plaintiff has waived and/or is estopped from disclaiming coverage and from requesting a declaratory judgment with regard to that particular action, which has been resolved.

### DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial on any and all issues so triable.

WHEREFORE, Defendants, Staunton & Faglie, PL and John W. Staunton, demand judgment in their favor and against Plaintiff, MEDMARC, including costs, attorney's fees, and all other such relief as the Court deems just and appropriate.

Respectfully submitted,

**VAKA LAW GROUP, P.L.**

 /s/ Robert C. Hubbard
**Robert C. Hubbard, Esquire**
Florida Bar No.: 98996
777 S. Harbour Island Blvd., Ste. 300
Tampa, Florida 33602
Tel: (813) 549-1799
Fax: (813) 549-1790
Email: rhubbard@vakalaw.com;
rtiernan@vakalaw.com

*Counsel for Defendants,*
*JOHN W. STAUNTON and STAUNTON &*
*FAGLIE, PL*

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on March 16, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice to all registered parties.

               */s/ Robert C. Hubbard*
               **Robert C. Hubbard, Esq.**