UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                              Case No.: 8:24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS          Chapter 11
TRUST ADMINISTRATION, INC.,

    Debtor.
_____/

MEDMARC CASUALTY INSURANCE
COMPANY,

    Plaintiff,

v.                                                  Adv. Pro. No. 8:25-ap-00123-RCT

STAUNTON & FAGLIE, PL; JOHN W
STAUNTON; FLOYD FAGLIE,

    Defendants, and

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.; CLARK
CHAMBERLIN, BY AND THROUGH HIS
PARENTS AND CO-GUARDIANS TODD
AND KELLI CHAMBERLIN, ON BEHALF
OF THEMSELVES AND ALL OTHERS
SIMILARLY SITUATED; SHAWNTA
ORRIS, AS GUARDIAN AD LITEM ON
BEHALF OF T.L., A DISABLED ADULT,
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED; AND CAROL
MULHOLLAND, AS GUARDIAN ADVOCATE
OF THE PERSON AND PROPERTY OF
JF, A VULNERABLE AND DISABLED
ADULT,

1

Nominal Defendants.

_____/

## DEFENDANT FLOYD FAGLIE'S ANSWER TO MEDMARC'S ADVERSARY COMPLAINT

Defendant, Floyd Faglie, through undersigned counsel and pursuant to the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure, hereby files his Answer and Affirmative Defenses to Plaintiff's ("Medmarc") Adversary Complaint for Declaratory Judgment (D.E. 1) ("Adversary Complaint"), and states as follows:

### NATURE OF THE CASE

1.     Admitted regarding nature of the action. Denied that there is currently any live controversy involving Floyd Faglie. Otherwise, denied as phrased and/or without knowledge and therefore denied.

2.     Admitted that Staunton provided legal services to the Center. Denied that Faglie ever provided legal services to the Center. Otherwise, without knowledge and therefore denied.

3.     Admitted that Medmarc has named a number of Nominal Defendants; otherwise, denied as phrased and/or without knowledge and therefore denied.

### JURISDICTION AND VENUE

4.     Without knowledge and therefore denied.

5.     Denied.

6.      Admitted for purposes of jurisdiction. Denied to the extent that there is no longer a live controversy involving Faglie and he is now merely a nominal defendant.

## PARTIES

7.      Admitted that Medmarc issued the subject policy and the policy speaks for itself. Otherwise, without knowledge and therefore denied.

8.      Admitted.

9.      Admitted.

10.     Admitted.

11.

a.  Denied that the Center has asserted a claim that is subject to the current Complaint. Otherwise, without knowledge and therefore denied.

b.  Admitted that Chamberlain is a nominal defendant and that any complaint filed speaks for itself. Otherwise, without knowledge and therefore denied.

c.  Admitted that Orris is a nominal defendant and that any complaint filed speaks for itself. Otherwise, without knowledge and therefore denied.

    d. Admitted that Mulholland previously filed the subject action and that said complaint spoke for itself. Denied that Mulholland is any longer a nominal defendant to this case as the controversy has been resolved. Otherwise, without knowledge and therefore denied.

12. Admitted that some of the named Nominal Defendants have asserted or threatened to assert claims against some Defendants. Denied that Mulholland is any longer a nominal defendant to this case as the controversy has been resolved. Otherwise, denied as phrased.

## FACTUAL ALLEGATIONS

13. Denied that Faglie provided legal services to the Center. The allegations of said lawsuits, to the extent they are attached to the Complaint and remain an active controversy, speak for themselves. Otherwise, without knowledge and therefore denied.

14. Without knowledge and therefore denied.

15. Denied as phrased.

16. Without knowledge and therefore denied.

17. Denied that Faglie ever represented the Center. The subject Complaints, to the extent they are attached to the Complaint and remain an active controversy, speak for themselves. Otherwise, without knowledge and therefore denied.

18. Without knowledge and therefore denied.

19.     The subject Complaints, to the extent they are attached to the Complaint and remain an active controversy, speak for themselves. Otherwise, without knowledge and therefore denied.

20.     The subject Complaints, to the extent they are attached to the Complaint and remain an active controversy, speak for themselves. Otherwise, without knowledge and therefore denied.

21.     The subject Complaints, to the extent they are attached to the Complaint and remain an active controversy, speak for themselves. Otherwise, without knowledge and therefore denied.

22.     The subject Complaints, to the extent they are attached to the Complaint and remain an active controversy, speak for themselves. Otherwise, without knowledge and therefore denied.

23.     The subject Complaints, to the extent they are attached to the Complaint and remain an active controversy, speak for themselves. Otherwise, without knowledge and therefore denied.

24.     The subject Complaints, to the extent they are attached to the Complaint and remain an active controversy, speak for themselves. Otherwise, without knowledge and therefore denied.

25. The subject Complaints, to the extent they are attached to the Complaint and remain an active controversy, speak for themselves. Otherwise, without knowledge and therefore denied.

26. Admitted that the Center has filed for bankruptcy. Otherwise, without knowledge and therefore denied.

27. The Chamberlain complaint speaks for itself. Otherwise, without knowledge and therefore denied.

28. The Chamberlain complaint speaks for itself. Otherwise, without knowledge and therefore denied.

29. The Chamberlain complaint speaks for itself. Otherwise, without knowledge and therefore denied.

30. The Chamberlain complaint speaks for itself. Otherwise, without knowledge and therefore denied.

31. The Orris complaint speaks for itself. Otherwise, without knowledge and therefore denied.

32. The Orris complaint speaks for itself. Otherwise, without knowledge and therefore denied.

33. The Orris complaint speaks for itself. Otherwise, without knowledge and therefore denied.

34.     The Mulholland complaint spoke for itself. Any allegations regarding the Mulholland case are moot as this case as the controversy has been resolved. Denied that Mulholland is any longer a nominal defendant to this action. Otherwise, denied.

35.     The Mulholland complaint spoke for itself. Denied that Faglie ever represented the Center. Any allegations regarding the Mulholland case are moot as this case as the controversy has been resolved. Otherwise, denied.

36.     The Mulholland complaint spoke for itself. Any allegations regarding the Mulholland case are moot as this case as the controversy has been resolved. Otherwise, denied.

37.     Admitted as to Faglie with regard to the Mulholland action. However, any allegations regarding the Mulholland case are now moot, as this case has been resolved. Otherwise, without knowledge and therefore denied.

38.     Without knowledge and therefore denied.

## THE MEDMARC POLICY

39.     The Medmarc policy speaks for itself. Otherwise, denied.

40.      The Medmarc policy speaks for itself. Otherwise, denied.

41.     The Medmarc policy speaks for itself. Otherwise, denied.

42.     The Medmarc policy speaks for itself. Otherwise, denied.

43.     The Medmarc policy speaks for itself. Otherwise, denied.

## COUNT I

44.    Faglie restates his responses to Paragraph 1-43 as fully stated herein

45.    The Medmarc policy speaks for itself. Otherwise, denied.

46.    The Medmarc policy speaks for itself. Otherwise, denied.

47.    The Medmarc policy speaks for itself. Otherwise, denied.

48.    The Medmarc policy speaks for itself. Otherwise denied.

49.    The subject Complaints, to the extent they are attached to the Complaint and remain an active controversy, speak for themselves. Otherwise, without knowledge and therefore denied.

50.    The Chamberlain complaint speaks for itself. Otherwise, without knowledge and therefore denied.

51.    The Orris complaint speaks for itself. Otherwise, without knowledge and therefore denied.

52.    The Mulholland complaint spoke for itself. Any allegations re the Mulholland case are moot as this case as the controversy has been resolved. Otherwise, denied.

53.    Denied.

54.    Denied.

55.    Denied.

## COUNT II

56.    Faglie restates his responses to Paragraph 1-43 as fully stated herein

57. The Medmarc policy speaks for itself. Otherwise, denied.

58. The Medmarc policy speaks for itself. Otherwise, denied.

59. The Medmarc policy speaks for itself. Otherwise, denied.

60. Denied.

61. The subject Complaints, to the extent they are attached to the Complaint and remain an active controversy, speak for themselves. Otherwise, denied.

62. Denied.

63. Denied.

### COUNT III

64. Faglie restates his responses to Paragraph 1-43 as fully stated herein

65. The Medmarc policy speaks for itself. Otherwise, denied.

66. The subject Complaints, to the extent they are attached to the Complaint and remain an active controversy, speak for themselves. Otherwise, denied.

67. Denied.

### COUNT IV

68. Faglie restates his responses to Paragraph 1-43 as fully stated herein

69. The Medmarc policy speaks for itself. Otherwise, denied.

70. Denied.

### COUNT V

71. Faglie restates his responses to Paragraph 1-43 as fully stated herein

72.    The Medmarc policy speaks for itself. Otherwise, denied.

73.    The Medmarc policy speaks for itself. Otherwise, denied.

74.    The subject Complaints, to the extent they are attached to the Complaint and remain an active controversy, speak for themselves. Otherwise, denied.

75.    The Chamberlain Complaint speaks for itself. Otherwise, denied.

76.    The Orris Complaint speaks for itself. Otherwise, denied.

77.    Denied.

## COUNT VI

78.    Faglie restates his responses to Paragraph 1-43 as fully stated herein.

79.    The Medmarc policy speaks for itself. Otherwise, denied.

80.    Denied.

81.    Denied.

Defendant Faglie denies all allegations of the Adversary Complaint to the extent not otherwise expressly admitted herein. Fagle denied that MedMarc is entitled to any other relief under the Adversary Complaint, including under the WHEREFORE clause.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense:** Any request for resolution of the duty to indemnify under the Policy is premature, as the underlying cases have not proceeded to a judgment.

**Second Affirmative Defense:** Any claims related to the Mulholland case (and the only claims asserted against Mr. Faglie per the Complaint) are moot as this case has been fully resolved.

**Third Affirmative Defense:** Because the Mulholland action has been completely resolved with agreement and consent of MedMarc, Plaintiff has waived and/or is estopped from disclaiming coverage and requesting a declaratory judgment with regard to that action.

WHEREFORE, Defendant, Floyd Faglie, demands judgment in his favor and against Plaintiff, MEDMARC, including costs, attorney's fees, and all other such relief as the Court deems just and appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of March 2026, a true and correct copy of the foregoing Notice was filed with the Clerk of Court by using the CM/ECF system, which electronically furnished a copy to all parties who receive CM/ECF notices from the Court.

/s/ Kayla M. Scarpone
Kayla M. Scarpone
Florida Bar Number 0113606
DUNLAP & SHIPMAN, P.A.
2065 Thomasville Road, Suite 102
Tallahassee, FL 32308-0733
850-385-5000
850-385-7636 Facsimile
Emails designated for service:

Primary: kayla@dunlapshipman.com
Secondary: julie@dunlapshipman.com

*Attorney for Floyd Faglie*