UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

                                         Case No. 8:24-bk-00676-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,

                                         Chapter 11

      Debtor.

_____/

MEDMARC CASUALTY INSURANCE COMPANY,

      Plaintiff,

v.                                     Adv. Pro No. 8:25-ap-00123-RCT

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC., *et al.*

      Defendants.

_____/

**TRUSTEE'S LIMITED OBJECTION TO**
**MEDMARC'S MOTION FOR LEAVE TO AMEND COMPLAINT**
(Doc. No. 70)

The chapter 11 Trustee for The Center for Special Needs Trust Administration, Inc., (the "**Trustee**") files this limited objection to Medmarc Casualty Insurance Company's ("**Medmarc**") Motion for Leave to Amend Complaint filed on April 29, 2026 (the "**Motion to Amend**") (Doc. No. 70). In support of this Limited Objection, the Trustee states as follows:

Medmarc commenced this adversary proceeding on April 4, 2025, seeking declaratory relief that bars any further claims against any insured under Policy No. 23MCFL000142 (the "**Policy**"). One of the name defendants, Ms. Mulholland, had an active lawsuit pending at the time in state court (see Case No. 24-CA-002303 in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida). Ms. Mulholland has since resolved that dispute against Medmarc

1

and its insureds and can easily be dismissed from this action without amending the entire complaint.

Yet, Medmarc filed a Motion to Amend on April 29, 2026, in part to remove Ms. Mulholland as a defendant, noting her claims "have been fully resolved," and coverage issues "arising solely from the Mulholland Lawsuit are no longer live controversies." See Doc. No. 70, Motion to Amend at 2 at ¶ 3-5.  Medmarc also seeks to include allegations from another of the Trustee's causes of action that had been pending for a year prior this Adversary Proceeding.  See Amended Complaint ¶35-39, including the *Trustee's Complaint for Damages and Other Relief filed against the Boston Finance Group, LLC and Leo J. Govoni*, Case No. 24-ap-00139 filed on April 25, 2024.

To the extent that Medmarc intends to remove Mulholland in this suit solely to prevent the Trustee from obtaining the settlement agreement and related information between Medmarc and Defendant Mulholland, the Trustee objects. See Doc. No. 73 (Trustee's Motion to Compel relating to settlement discovery).  The Policy, a $2 million aggregate limit policy reduced by defense costs, attorneys' fees, and other expenses, and all of the insureds' and insurers' positions and communications related to the Policy, remain relevant to this case. Medmarc should not be entitled to use the Policy as a sword and a shield to avoid production of highly relevant information.

The Trustee continues to assess litigation and recovery efforts against many targets, including the Policy insureds. As Medmarc is aware, formal claims have not yet been filed against them—yet. See Amended Complaint P. 11 at ¶ 35-36 (surmising "[t]hough the Trustee for the Center has not distilled such claims into a complaint, such claims arise out of the alleged breach of duties owed to the Center, resulting in the taking, conversion, and/or misappropriation of trust account funds held by the Center.").  Medmarc can continue to prosecute this action with an

2

amended complaint, and the Trustee does not oppose a one-time amendment, but the Court should not sustain endless factual amendments which erode Policy limits and make the complaint a moving target.  Courts may deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).[1]

Accordingly, the Trustee objects to the requested relief to the extent Medmarc contends its amendments preclude discovery of the settlement information between Medmarc and Ms. Mulholland.  If Medmarc's Motion to Amend is granted, the Trustee requests thirty (30 days) to respond as permitted under Federal Rules of Civil Procedure.[2]

**WHEREFORE,** for the foregoing reasons the Trustee respectfully requests that the Court sustain the Trustee's limited objection, permit the Trustee 30 days to file an appropriate response to Medmarc's Amended Complaint, and grant such other and further relief as this Court deems just.

Dated: June 9, 2026.

Respectfully submitted,

/s/ Megan W. Murray
Megan W. Murray
Florida Bar No. 0093922
Emanuel I. Flaquer
Florida Bar No. 1058467

---

[1] Rule 15(a) of the Federal Rules of Civil Procedure permits a plaintiff to amend a pleading once "as a matter of course" within 21 days after serving the defendant or within 21 days after service of a responsive pleading, if one is required. After 21 days, a plaintiff may only amend with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15 (a)(2). A court shall freely give leave to amend "when justice so requires." *Carrin v. Coil*, No. 4:21CV486-MW-MAF, 2022 WL 22876866, at *2 (N.D. Fla. Sept. 9, 2022). A motion for leave to amend may be denied on grounds of "(1) undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) amendment would be futile." *Parker v. Clervil*, No. 8:22-CV-1354-MSS-CPT, 2023 WL 11898457, at *3 (M.D. Fla. Sept. 6, 2023).

[2] The Trustee reserves all rights and is not required to use a response to a motion to amend as a de facto motion to dismiss.

UNDERWOOD MURRAY, P.A.
100 N. Tampa Street, Suite 2325
Tampa, Florida 33602
Tel: (813) 540-8401 | Fax: (813) 553-5345
mmurray@underwoodmurray.com
eflaquer@underwoodmurray.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing, which was filed

with the Clerk of Court, has been furnished electronically to those parties registered to receive

service via CM/ECF, on June 9, 2026.

By: */s/  Megan W. Murray*
        Megan W. Murray